# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

IN RE ADVANCEPIERRE FOODS )
HOLDINGS, INC. SHAREHOLDER )
LITIGATION )
)
) Lead Case No. 1:17-cv-00326-TSB
)
) MASTER FILE
THIS DOCUMENT RELATES TO: ALL )
ACTIONS )
)
)
)

## STIPULATED [PROPOSED] ORDER DISMISSING ACTION

WHEREAS, on April 25, 2017, AdvancePierre Foods Holdings, Inc. ("AdvancePierre" or the "Company") announced that it had entered into a definitive merger agreement (the "Merger Agreement"), pursuant to which DVB Merger Sub, Inc. ("Merger Sub"), a wholly owned subsidiary of Tyson Foods, Inc. ("Tyson"), would purchase all of the issued and outstanding shares of AdvancePierre common stock for $40.25 per share (the "Merger");

WHEREAS, on May 9, 2017, AdvancePierre filed its Schedule 14D-9 Solicitation/Recommendation Statement (the "14D-9") with the Securities and Exchange Commission ("SEC") in support of the Merger;

WHEREAS, on May 12, 2017, Plaintiff Stephen Bushansky, a shareholder of AdvancePierre, filed a Class Action Complaint in the above captioned action (the "Bushansky Action"), alleging Defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. §240.14d-9(d), by causing the allegedly materially incomplete and misleading

Solicitation/Recommendation Statement to be filed with SEC and disseminated to shareholders in connection with the Merger;

WHEREAS, on May 15, 2017, in Case No. 1:17-cv-00333-TSB, Plaintiff Paul Parshall filed a class action complaint for violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act (the "Parshall Action"), asserting claims arising from the same set of alleged facts and asserting the same causes of action against the same or substantially the same defendants as the Bushansky Action;

WHEREAS, on May 24, 2017, in Case No. 1:17-cv-00356-TSB, Plaintiff Brian Gallagher filed a class action complaint for violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act (the "Gallagher Action"), asserting claims arising from the same set of alleged facts and asserting the same causes of action against the same or substantially the same defendants as the Bushansky and Parshall Actions;

WHEREAS, following arm's length negotiations to attempt to resolve the alleged claims in the actions, on May 25, 2017, AdvancePierre filed a 14D-9/amendment with the SEC (the "Amendment"), which included supplemental disclosures concerning the Merger (the "Supplemental Disclosures");

WHEREAS, on May 30, 2017, pursuant to a stipulation of the parties, the Court, among other things, consolidated the Bushansky, Parshall, and Gallagher Actions (collectively, the "Action") and appointed Messrs. Bushansky, Parshall, and Gallagher as Interim Co-Lead Plaintiffs ("Lead Plaintiffs") and Lead Plaintiffs' selection of counsel of WeissLaw, LLP and Rigrodsky & Long, P.A. as Interim Co-Lead Counsel ("Lead Counsel") and the Law Office of John C. Camillus, LLC as Interim Liaison Counsel ("Liaison Counsel");

WHEREAS, on June 7, 2017, Merger Sub completed its Offer, and the Merger was consummated;

WHEREAS, Lead Plaintiffs believe that as a result of the filing of the Supplemental Disclosures contained in AdvancePierre's May 25, 2017 Amendment, claims in the Action have become moot, and dismissal of their individual claims is appropriate;

WHEREAS, in light of such mootness, Lead Counsel seeks to dismiss the Action with prejudice as to Lead Plaintiffs only, and without prejudice as to all unnamed members of the putative class;

WHEREAS, Lead Plaintiffs assert that the prosecution of the Action caused AdvancePierre to issue the Supplemental Disclosures, that the Supplemental Disclosures created a substantial benefit for AdvancePierre stockholders, and that, therefore, Lead Counsel and Liaison Counsel have a claim for attorneys' fees and expenses in connection with the prosecution of the Action;

WHEREAS, Lead Plaintiffs have informed Defendants that they intend to submit an application for an award of attorneys' fees and reimbursement of expenses if their claim for fees and expenses cannot be resolved through negotiations between Lead Counsel and Defendants (the "Fee and Expense Application");

WHEREAS, Defendants assert that the Supplemental Disclosures were not material and did not require disclosure, deny any claim in the Action is or was meritorious, deny any and all wrongdoing, and reserve all rights, arguments, and defenses, including the right to oppose, in whole or in part, any potential Fee and Expense Application;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Lead Plaintiffs, Lead Counsel, Liaison Counsel, or any counsel for Lead Plaintiffs, and no promise, understanding, or agreement to give any such compensation has been

3

made; nor have the parties had any discussions concerning the amount of any attorneys' fees and expenses;

WHEREAS, the parties intend to meet and confer concerning Lead Plaintiffs' potential Fee and Expense Application, and, if the parties are unable to reach an agreement, the parties respectfully request that this Court retain jurisdiction over the prospective Fee and Expense Application; and

WHEREAS, no class has been certified in the Action, and Lead Plaintiffs have not sought certification of any class in the Action.

NOW, THEREFORE, subject to the approval of the Court, Lead Plaintiffs and Defendants, by and through their counsel, stipulate and agree as follows:

1. The Action shall be dismissed, and the claims asserted therein shall be dismissed with prejudice as to Lead Plaintiffs, including Stephen Bushansky, Paul Parshall, and Brian Gallagher, and without prejudice to unnamed members of the putative class.

2. Because the dismissal is with prejudice as to Lead Plaintiffs only, and not on behalf of a putative class, and no class has been certified, notice of this dismissal is not required.

3. The Court retains jurisdiction of the Action solely for the purpose of determining Lead Plaintiffs' forthcoming Fee and Expense Application, if such an application becomes necessary.

4. This Order is entered without prejudice to any right, position, claim or defense any party may assert with respect to any Fee and Expense Application, which includes the Defendants' right to oppose the Fee and Expense Application if such an application is filed.

5. To the extent that the parties are unable to reach an agreement concerning Lead Plaintiffs' claim for attorneys' fees and expenses, they may contact the Court regarding a briefing schedule in connection with Lead Plaintiffs' Fee and Expense Application.

6. Upon completion of briefing in connection with Lead Plaintiffs' Fee and Expense Application, should such briefing become necessary, the parties shall promptly contact the Court to schedule argument at a time convenient to the Court.

                **IT IS HEREBY ORDERED**:

_____
        **US Dist. Court Judge**

**AGREED BY:**

Dated: June 12, 2017                  Respectfully submitted,

                                        */s/ John C. Camillus*
                                        John C. Camillus (0077435)

                                        **Law Office of John C. Camillus, LLC**
                                        P.O. Box 141410
                                        Columbus, Ohio 43214
                                        (614) 558-7254
                                        (614) 559-6731 (Facsimile)
                                        jcamillus@camilluslaw.com
                                        Counsel for Plaintiff

                                        *Attorneys for Lead Plaintiffs and Liaison Counsel*

                                        **WEISSLAW LLP**
                                        Richard A. Acocelli
                                        Michael A. Rogovin

Kelly C. Keenan
1500 Broadway, 16th Floor
New York, New York 10036
Tel: (212) 682-3025
Fax: (212) 682-3010
racocelli@weisslawllp.com
mrogovin@weisslawllp.com
kkeenan@weisslawllp.com

*Counsel for Lead Plaintiffs and Lead Counsel*

Brian D. Long
Gina M. Serra
**RIGRODSKY & LONG, P.A.**
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Tel: (302) 295-5310

*Counsel for Lead Plaintiffs and Lead Counsel*

Juan E. Monteverde
MONTEVERDE & ASSOCIATES PC
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Direct: (646) 300-8921
Tel: (212) 971-1341

*Counsel for Brian Gallagher*

<u>/s/ Brian J. Lamb</u>
Brian J. Lamb (0055447), Trial Attorney
Brian.Lamb@ThompsonHine.com
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Telephone: 216.566.5590
Facsimile: 216.566.5800

Christine M. Haaker (0063225)
Christine.Haaker@ThompsonHine.com
THOMPSON HINE LLP
Austin Landing I

6

        10050 Innovation Drive, Suite 400
        Dayton, Ohio 45342-4934
        Telephone:  937.443.6822
        Facsimile: 937.443.6635

*Counsel for defendants AdvancePierre Foods Holdings, Inc., John N. Simons, Jr., Christopher D. Sliva, Dean Hollis, Celeste A. Clark, Peter C. Dillingham, Stephen A. Kaplan, Gary L. Perlin, and Matthew C. Wilson*